FILED
SEP - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TODD & WELD LLP, )
)
    Plaintiff, )
)
v. )
)
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
)
    Defendant. )
)

Civil Action No. _____

CASE NUMBER   1:05CV01769
JUDGE: Rosemary M. Collyer
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 09/2/2005

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action arising under the Freedom of Information Act ("FOIA"), 5. U.S.C. § 552, as amended, to compel the United States Department of Health and Human Services ("HHS") to release requested records based upon a request which has been pending for almost one year, to which no documents have been produced.

**JURISDICTION**

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. 1331, as this action arises under the FOIA.

**PARTIES**

3. Plaintiff Todd & Weld LLP is a law firm located in Boston, Massachusetts and is the requester of the withheld records.

4. Defendant HHS is an agency of the United States, and it has possession and control of the records Plaintiff seeks.

1

## FACTS

5.  The records in this case were originally requested through the HHS's recommended location for its FOIA requests, a regional Dallas office of an HHS Department, the Centers for Medicare & Medicaid Services ("CMS"), in October of 2004. A copy of the original request with confirmation of delivery is attached as *Exhibit A*.

6.  Despite repeated follow-ups by Plaintiff, no documents were ever produced by the CMS regional office. The entire request was transferred to CMS's national office in Baltimore in March of 2005 without any documents being produced.

7.  CMS representatives in Baltimore have represented that the request was granted "expedited" status in approximately April of 2005. See *Exhibit B* (Marquis letter).

8.  The request is appropriately tailored and reasonably describes the information being sought. In fact, the Plaintiff has provided HHS with its own reference numbers and copies of responsive documents to assist in the search. See *Exhibit C* (copy of letter from Plaintiff to HHS including attached "sample" responsive documents)

9.  As of the date of this lawsuit, September of 2005, no documents have **ever** been provided to Plaintiff despite repeated attempts to procure the same cooperatively. See *Exhibit D* (multiple items of electronic mail correspondence with J. Russell and S. Davis).

## COUNT I

### FAILURE TO MAKE RECORDS PROMPTLY AVAILABLE

10.     Plaintiff incorporates ¶¶ 1-9 as though fully set forth.

11.     Plaintiff made a written request of HHS in October 2004 which reasonably described the records being requested.

12.     Under 5 U.S.C. Sec. 552(a)(3)(A) HHS was required to "make the records promptly available."

13.     The HHS has wrongfully withheld public documents to which Plaintiff is statutorily entitled, entitling Plaintiff to an order that Defendant is required to make these documents available to Plaintiff.

## COUNT II

### FAILURE TO COMPLETE EXPEDITED PROCESSING

14.     Plaintiff incorporates ¶¶ 1-13 as though fully set forth.

15.     In April of 2005, the HHS determined that Plaintiff's request should be granted expedited processing.

16.     Under 5 U.S.C. Sec. 552(a)(6)(E)(iii) an agency shall process "as soon as practicable" any request to which the agency has granted expedited processing.

17.     Despite the HHS's own determination that the request should be expedited, the HHS has wrongfully continued to withhold public documents to which Plaintiff is statutorily entitled, entitling Plaintiff to an order that Defendant makes these documents available immediately, without <u>any</u> further delay by Defendant.

## COUNT III

## DECLARATORY JUDGMENT BASED UPON FAILURE TO PROVIDE NOTICE OF ANY ADVERSE DETERMINATION

18. Plaintiff incorporates ¶¶ 1-17 as though fully set forth.

19. Plaintiff made a written request of HHS in October 2004 which reasonably described the records being requested.

20. Under 5 U.S.C. Sec. 552(a)((6)(A)(1), any adverse determination on the request by HHS was required to be provided within 20 days of Plaintiffs' original request.

21. Because the HHS did not issue any adverse determination within the required time, this Court should rule that no such determination may now be proffered by HHS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(A) Declare that because HHS did not issue any adverse determination as to Plaintiff's request, the HHS has waived and has no basis to do so at this time as to any part of Plaintiff's request;

(B) Order HHS to make available all responsive documents requested by Plaintiff immediately and without further delay;

(C) Award Plaintiff their costs and reasonable attorneys' fees in this action; and

4

    (D)    Grant such other further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      TODD & WELD LLP

By:    Raymond P. Ausrotas
        D.C. Bar No. 463688
        Todd & Weld LLP
        28 State Street, 31st Floor
        Boston, MA 02109
        (617) 720-2626

Dated:    September 1, 2005